Mr. Chief Justice Shahkey
delivered the opinion of the court..
This action was instituted by the defendants in error against plaintiff in error, on a-promissory note, payable and negotiable at the United States Bank at Natchez. The plaintiff demurred to the declaration and assigned causes of demurrer, which were overruled, and judgment by default entered. It is assigned as error, that the court overruled the demurrer. This general allegation, will necessarily cover all the causes of demurrer, the first of which is, that the declaration should have contained an averment of the. presentation of the note at the place where it was made payable. If a demand was necessary at the place appointed for payment, the declaration should have contained an allegation of presentment there. The necessity of such presentment is, therefore, the prominent point in' the case.
There are many English authorities in high repute, that hold a presentment necessary, when a place of payment is specified, but even in that country, there is great contrariety of opinion. Considering the place of payment as a condition in the contract, it would be reasonable to require a demand, and on this ground, the decisions are predicated. But in the authorities of this country, there is but one opinion, so far as I have been able to ascertain, and that is, that a demand is not necessary, inasmuch as the place *232 of payment is not a condition in the contract. I do not know that the question has ever been directly decided in this state, but in practice it has prevailed as settled in New York. Massachusetts, and South Carolina and other states, and I 'see no reason why it should be interrupted. That the note was made payable at the bank, did not in the slightest degree vary the positive character of the contract, or make the obligation to pay, depend on any thing to be performed by the holder. It was an absolute promise to pay a sum of money for a valuable consideration, and that a place of payment was specified, cannot be construed into a condition that the payer should there demand it or lose his debt, and a loss of it would be the necessary result if the demand was necessary, and he failed to make it. The naming of a place for payment, must be understood to have been done by the approbation of the maker, and intended as much for his benefit and convenience as for any advantage to the payee, and can be considered as nothing more than the mere mode of discharging the obligation.
The maker was not only bound himself to pay, but the payment was to have been made at the Bank of the United States in Natchez; and it was, therefore, part of his contract, that he should be ready at the time and place, and the consequences of a breach of the contract must follow unless he could show that he was then ready to pay. No demand was necessary, and, of course it was not necessary to aver it in the declaration.'
It is argued that the interest calculated in the judgment, is greater than the bank can recover. By the supplement to the charter of 1831, the bank is authorised to discount on personal security for loans made at seven per centum per annum. By the amendment of 1833, the mode of discounting is regulated as follows; to wit, “ on notes, bills or bonds, having no more than twelve months to run, at the rate of seven per cent, per annum; on such having more than twelve months to run, and not exceeding twenty-four months to run, at the rate of eight per cent, per annum, and may also at their discretion engage to make loans renewable for one, two, or more years, at the rate of nine per cent, per annum.”
There is nothing in the record, to show that this debt was contracted for a loan made to the plaintiff in error, or how it was *233 negotiated by the banks; and we cannot assume'thatitwas a loan made of a particular kind. It is also insisted, that the declaration should have claimed the interest, but this was not necessary. The interest is an incident which follows of course after the debt becomes due, and by our statute it is to be calculated by the clerk when the action is on a note, and judgment by default taken.
The judgment must be affirmed.